UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL FANTI,

                              Plaintiff,

v.                                                        Civil Action No. _____

ATLANTIC RECOVERY SOLUTIONS, LLC,

                              Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Michael Fanti, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Atlantic Recovery Solutions, LLC, (hereinafter "ARS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

16. That Plaintiff allegedly incurred a credit card debt. This debt will be referred to as "the subject debt."

17. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. That Plaintiff thereafter allegedly defaulted on the subject debt.

19. That upon information and belief, Defendant thereafter was employed by the account holder to collect the subject debt.

20. That in or about November 2020, Defendant began calling and texting the Plaintiff on his cellular telephone in an attempt to collect on the subject debt.

21. That the Defendant initiated multiple telephone calls and text messages to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

22. That Plaintiff never provided his prior express consent to the Defendant to receive telephone calls or text messages from them to his cellular telephone.

23. Many of the text messages from Defendant to Plaintiff read; This text is from ARS, Michael D Fanti we have a legally required notice that was sent out to your property. At this time we need to speak to you or your legal representation. Please call 321-343-4880 to discuss your paperwork received, and refer to Case# 2221608.

24. In or about December 28, 2020, Plaintiff received a text from Defendant reading; this text is from ARS. Please call 346-223-0607 Michael D Fanti we have your declined Credit Card Payment in our office that is currently in collections. FOR END OF YEAR SETTLEMENTS AND CREDIT REPORT UPDATES. To speak to a live rep please call 346-223-0607 and reference Case# 2221608 to discuss your remaining payments with our office prior to any filing of you case. Thank you.

25. That thereafter the above text, Plaintiff received another text from Defendant that stated "This text is from ARS Michael D Fanti we have documentation in our office that requires you immediate attention. We need to speak to you, or your attorney today regarding your paperwork received. Any questions or concerns, please call the office directly at 480-608-9011 and refer to Case# 2221608 while calling back."

26. In or about December 2020. Plaintiff's friend Debbie contacted the Defendant to inquire more information as to why the Defendant was calling the Plaintiff. During this telephone conversation, the Defendant disclosed the subject debt to Debbie.

27. Thereafter the aforementioned conversation, the Plaintiff called the Defendant and inquired if they were contacting him regarding a legal matter. Defendant responded it could be and hung up on Plaintiff. Plaintiff then called the Defendant back and told them not to call anymore.

28. In or about January 2021, Plaintiff received a pre-recorded message in his voicemail from Defendant stating; this is ARS this message is solely intending for Michael D Fanti, we have important documentation with your name and social security number attached. Please call us back at 1-888-827-3602 to speak to the net available representative.

29. In or about January 2021, Plaintiff received another voicemail message from Defendant stating; this is ARS this message is solely intended for Michael D Fanti. We need to speak to you or your legal representation immediately. Please call the office back at 1-855-221-4405 to speak to the next available representative. Thank you.

30. That despite his instruction to cease contact, the Defendant continued to call and text the Plaintiff on his cellular telephone.

31. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

32. Despite Plaintiff not providing express consent to the Defendant to receive calls to her cellular telephone by an ATDS, Defendant knowingly and deliberately called Plaintiff on her cellular telephone using an automatic dialing system as defined by the TCPA.

33. Plaintiff never received a 30-day validation notice from the Defendant within five days of the initial communication.

34. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

35. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

36. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

37. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

38. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

39. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

40. That Plaintiff was annoyed and upset over receiving the above calls from the Defendant.

41. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

42. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 41 above.

43. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the alleged subject debt to Plaintiff's friend, a third party without Plaintiff's consent to do so.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d (5) by causing Plaintiff's telephone to ring repeatedly and engaging conduct the natural consequence of which is to harass, oppress, or abuse while attempting to collect the subject debt.

    C. Defendant violated 15 U.S.C. §1692d(6) 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(14), and 15 U.S.C. § 1692f by failing to identify the true and complete name of the company when contacting the Plaintiff via telephone calls and text messages to his cellular telephone and by engaging in false, deceptive, or misleading representation to collect a debt by using a name other than the true name of Defendant's business.

    D. Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2),  15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1) by engaging in false, deceptive, or misleading representation to collect a debt by falsely stating that the debt involved a legal mater in phone calls and text messages.

    E. Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2),  15 U.S.C. § 1692e(3), and 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1) by engaging in false, deceptive, or misleading representation to collect a debt by falsely stating that the debt involved a "case" and have an "attorney" contact the Defendant regarding "paper work in their office and the "filing of documents" as such language falsely implies that the debt is a legal matter and that the Defendant is an attorney or law office.

    F. Defendant violated 15 U.S.C. § 1692g by failing to send a 30 day validation notice within five days of the initial communication.

44. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

45. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

46. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

47. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

49. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

50. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

51. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

52. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

53. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 29, 2021

  /s/ Seth J. Andrews            
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com